IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
TIMOTHY A. HALE,                )
                Plaintiff,      )
                                )
            vs.                 )     Civil Action No. 04-1438
                                )     Judge Arthur J. Schwab
                                )     Magistrate Judge Hay
TROOPER MARK A. SCHMELZLEN; and )
SHEILA LEMLEY,                  )
                Defendants.     )
```

REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully recommended that the Motions to Dismiss filed by Defendant Lemley (doc. no. 23) and Defendant Schmelzlen (doc. no. 27) both be granted.

II. REPORT

Plaintiff, Timothy A. Hale, an inmate confined at the State Correctional Institution at Rockview located in Bellefonte, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.  Named as Defendants in this action are Pennsylvania State Trooper Mark A. Schmelzlen and Sheila Lemley.  Plaintiff alleges that Defendants violated his rights as protected by the First, Fourth and Fourteenth Amendments of the United States Constitution.

A.    **Standard of Review**

Both Defendants have filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  A motion

to dismiss cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). Moreover, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972). Notwithstanding, the court is bound by the allegations of the complaint; it is not free to speculate that a plaintiff might be able to state a claim if given another opportunity to add more facts to the complaint. Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94 (5th Cir.), *cert. denied*, 513 U.S. 883 (1994).

**B.   Plaintiff's Allegations**

In his Amended Complaint (doc. no. 43) Plaintiff alleges the following. On April 13, 2003, Sheila Lemley sought the aid of the Pennsylvania State Police to file a criminal complaint against Plaintiff for an alleged sexual against her daughter

2

Amanda Lemley.  On April 14, 2003, Defendant Trooper Schmelzlen knocked on Petitioner's door at 5:00 a.m. and said he wanted to speak with him.  Petitioner cooperated with the police and allowed them to search his bed clothes and the like.   Plaintiff was then arrested and driven to the police barracks in Waynesburg, Pennsylvania.  Plaintiff claims that Trooper Schmelzlen did not have an arrest warrant to arrest him.

Plaintiff further alleges that, while at the police barracks, Defendant Schmelzlen typed up an affidavit of probable cause that contained mostly false information.  The information was derived from his interpretation of what he thought Amanda Lemley, Amy Lemley, Sheila Lemley, Rochelle Piper, Doctor Piper and Jessie McQueen said.  The false medical information was drafted into the affidavit of probable cause either intentionally or with reckless disregard for the truth.  Plaintiff's bail was set at $100,000.00  and he was transferred to the Greene County Jail where he was not allowed to make a long distance phone call to inform his family of his situation.

On April 17, 2003, at Plaintiff's preliminary hearing, Amanda Lemley and Jessie McQueen gave testimony that deemed the information in the affidavit of probable cause false.  Defendant Schmelzlen gave testimony concerning semen found during laboratory testing but the lab report was not available until April 30, 2003.  The preliminary hearing was held more than 72

hours after Plaintiff was arrested and, therefore, violated due process of law.

On May 9, 2003, Defendant Schmelzlen retrieved Plaintiff from  the Greene County Jail with a warrant to seize two vials of blood.  The warrant was executed at the Green County Memorial Hospital.  The affidavit of probable cause contained the same false information contained in the affidavit of probable cause to arrest.

Plaintiff claims that the manner in which he was seized, the denial of access to a means of communication, and the seizure of his blood violated his civil rights and constitutional rights as protected by the First, Fourth and Fourteenth Amendments of the United States Constitution.  He claims that Defendants Schmelzlen and Lemley conspired together to deprive him of his civil rights because they both had a stake in the overall outcome of the inevitable result.

**C. Liability under 42 U.S.C. § 1983**

Plaintiff asserted his action under section 1983 of the Civil Rights Act.  In order to assert liability under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He must allege: (1) that the alleged misconduct was committed by a person acting under color of state law; and (2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  Parratt v. Taylor,

451 U.S. 527, 535 (1981), *overruled in part on other grounds*,
Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

      1.   Person acting under Color of State Law

     A person raising a civil rights claim for damages under
section 1983 first must demonstrate that the defendant is a
person acting under color of state law, *i.e.*, a state actor.  If
the record does not reflect that the defendant acted under color
of state law when engaged in the alleged misconduct, a civil
rights claim under section 1983 fails as a matter of
jurisdiction, Polk County v. Dodson, 454 U.S. 312, 315 (1981),
and there is no need to determine whether a federal right has
been violated.  Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).

     The purpose of the state-action requirement is "to assure
that constitutional standards are invoked only when it can be
said that the State is responsible for the specific conduct of
which the plaintiff complains." Blum v. Yaretsky, 457 U.S. 991,
1004 (1982).  The statutory requirement under 42 U.S.C. § 1983
that the violation alleged be conducted "under color of" state
law is the same as the constitutional requirement of "state
action" under the Fourteenth Amendment.  Lugar v. Edmondson Oil
Co., 457 U.S. 922, 937 (1982).  In Lugar, the Supreme Court
formulated a two-part test to determine when private parties may
be liable under section 1983.

         First, the deprivation must be caused by the
         exercise of some right or privilege created

> by the state or by a rule of conduct imposed
> by the State or by a person for whom the
> State is responsible. . . .  Second, the
> party charged with the deprivation must be a
> person who may fairly be said to be a state
> actor.  This may be because he is a state
> official, because he has acted together with
> or has obtained significant aid from state
> officials, or because his conduct is
> otherwise chargeable to the State.

Lugar, 457 U.S. at 937.

In Mark v. Borough of Hatboro, 51 F.3d 1137, 1142 (3d Cir.), cert. denied, 516 U.S. 858 (1995), the United States Court of Appeals for the Third Circuit reviewed three tests used by the Supreme Court to determine whether state action exists.  These tests include: (1) the "public function" test; (2) the "nexus" test; and (3) the "joint action" test.

Under the public function test, a plaintiff must allege that the defendants exercised powers that are traditionally the exclusive power of the state.  Mark, 51 F.3d at 1142.  The scope of exclusive government functions is limited, reaching only those activities that have been "traditionally the exclusive prerogative of the State."  Rendell-Baker, 457 U.S. at 842.  See also Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 158 (1978) ("while many functions have been traditionally performed by governments, very few have been exclusively reserved to the State").  The simple fact that a private entity performs a function that serves the public does not transform its conduct into state action.  Rendell-Baker, 457 U.S. at 842.

Plaintiff has commenced this action against Sheila Lemley, the mother of the victim.  Aside from contacting the police about the sexual assault on her daughter, Plaintiff does not allege any actions attributable to Defendant Lemley regarding the procedures used to effectuate his arrest and the seizure of his blood. Providing information to the state is not the exclusive prerogative of the state.  Thus, Plaintiff fails to state a claim against Defendant Lemley based on state action under the public function test.

The second state action test requires a plaintiff to demonstrate that there is a sufficiently close nexus between the government and the private party such that there is a "symbiotic relationship" between them.  A private action is not converted into one "under color of state law" merely by some tenuous connection to state action.  "While the exact contours of this state action inquiry are difficult to delineate, the interdependence between the state and private actor must be pronounced before the law will transform the private actor into a state actor."  Groman, 47 F.3d at 641 (*citing* Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)).  The issue is not whether the state was involved in some way in the relevant events, but whether there is a sufficiently close nexus between the State and the challenged action of the private party so that the action of the

latter may be fairly attributable to the state.  <u>Blum</u>, 457 U.S. at 1004; <u>Groman</u>, 47 F.3d at 638.

While Plaintiff makes bald assertions of conspiracy, he alleges no facts to support any connection between Defendant Lemley and any state actor or state entity, sufficient to cause her conduct to come within the definition of state action under the nexus test for state action.

The third test for imposing state action upon a private entity requires the plaintiff to allege that the state and acting party have acted in concert to effect a particular deprivation of a constitutional right.  <u>Mark</u>, 51 F.3d at 1142.  In other words, the private party is a willful participant in "joint action" with the state or its agents.  <u>Dennis v. Sparks</u>, 449 U.S. 24, 27 (1980).

Again, Plaintiff's complaint does not allege any facts to support a claim that Defendant Lemley acted in concert with state officials in effectuating his arrest and seizure.  Plaintiff merely concludes that Defendants Schmelzlen and Lemley conspired together to deprive him of his civil rights.  This conclusory allegation is insufficient to establish state action.  A court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss.  <u>In re Burlington Coat Factory Securities Litigation</u>, 114 F.3d 1410, 1429-30 (3d

Cir.1997)(quoting Glassman v. Computervision Corp., 90 F.3d 617, 628(1st Cir.1996)).

Because the Complaint does not sufficiently allege state action by Defendant Lemley, her Motion to Dismiss should be granted.

2.   <u>Constitutional Violation</u>

The remaining Defendant, Trooper Schmelzlen, clearly is a state actor.  Notwithstanding, the following discussion reveals that Plaintiff's allegations fail to state a claim upon which rleif may be granted under 42 U.S.C. § 1983.

Plaintiff claims that his First Amendment rights were violated because he was not allowed to make a long distance phone call after he was arrested.  In this regard, the First Amendment provides as follows.

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. Const. Amend. I.

The Supreme Court repeatedly has emphasized that, although prisoners do not shed all of their constitutional rights at the prison door, an inmate does not retain rights inconsistent with proper incarceration.  *See* <u>Overton v. Bazzetta</u>, 539 U.S. 126 (2003) (citing <u>Jones v. North Carolina Prisoners' Labor Union,</u>

Inc., 433 U.S. 119, 125 (1977); Shaw v. Murphy, 532 U.S. 223, 229 (2001)).  Moreover, the Supreme Court has emphasized that the First Amendment right to freedom of association is among the rights least compatible with incarceration and "[s]ome curtailment of that freedom must be expected in the prison context."  Bazzetta, 539 U.S. at 131 (citing Jones, 433 U.S. at 125-126; Hewitt v. Helms, 459 U.S. 460 (1983)).

Here, Plaintiff complains he was not allowed to make a long distance telephone call while he was confined in the Green County Jail.  As an initial matter, this Court notes that inmates do not have any constitutional right to unfettered telephone calls.  See, e.g., Cook v. Hills, 3 Fed. Appx. 393, 2001 WL 132569 (6th Cir. Feb. 5, 2001); Gilday v. Dubois, 124 F.3d 277 (1st Cir. 1997); Washington v. Reno, 35 F.3d 1093, 1100 (6th Cir. 1994) (noting that a prisoner's right to telephone access is subject to rational limitations in the face of legitimate security interests of the penal institution) (internal quotation omitted); Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1985) (holding that claims regarding limitations on mail, visitation and telephone privileges clearly without merit).

Moreover, Plaintiff does not allege that Defendant Schmelzlen had any personal involvement in the conditions of Plaintiff's confinement at the Greene County Jail.  Therefore, there is no basis upon which to impose liability against

Defendant Schmelzlen concerning Plaintiff's inability to make a long distance telephone call to his family.

Plaintiff also asserts liability against Defendant Schmelzlen on the basis that he violated his rights as protected by the Fourth Amendment by arresting him at his home without a warrant and thereafter seizing his bed coverings and tissues recovered from the bedroom after Plaintiff consented to a search of his residence.  He also alleges that Defendant Schmelzlen seized his blood without probable cause in violation of the Fourth Amendment.

The Fourth Amendment provides as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. IV.

Plaintiff claims that Defendant Schmelzlen concocted probable cause for his arrest and the seizure of his blood.

A police officer may be liable under § 1983 if he or she caused an arrest warrant to be issued on the basis of statements he knows to be false or on the basis of statements he makes in reckless disregard of the truth.  Franks v. Delaware, 438 U.S. 154, 155-56 (1978).  Similarly, an officer may be liable if he or she knowingly or recklessly omits information which, if included,

would have vitiated probable cause.  *Id*.  *See also* <u>Lippay v.
Christos</u>, 996 F.2d 1490, 1502 (3d Cir. 1993).

However, Plaintiff's claims here squarely fall within the
rule announced by the Supreme Court in <u>Heck v. Humphrey</u>, 512 U.S.
477 (1994).  In <u>Heck</u>, the Supreme Court analyzed the propriety of
instituting a civil damages claim based on an improper conviction
and reiterated the firmly entrenched rule that habeas corpus is
the exclusive remedy for a state prisoner who challenges the fact
or duration of his confinement.  *Id*. at 481 (citation omitted).
After reviewing its origin and history, the Court concluded that
the Civil Rights Law was not meant to provide a means for
collaterally challenging the validity of a conviction through the
pursuit of money damages.  In so concluding, the Court announced
the following rule.

> We hold that, in order to recover
> damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm
> caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a §
> 1983 plaintiff must prove that the conviction
> or sentence has been reversed on direct
> appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to
> make such determination, or called into
> question by a federal court's issuance of a
> writ of habeas corpus, 28 U.S.C. § 2254.  A
> claim for damages bearing that relationship
> to a conviction or sentence that has not been
> so invalidated is not cognizable under §
> 1983.  Thus, when a state prisoner seeks
> damages in a § 1983 suit, the district court
> must consider whether a judgment in favor of
> the plaintiff would necessarily imply the
> invalidity of his conviction or sentence; if

> it would, the complaint must be dismissed
> unless the plaintiff can demonstrate that the
> conviction or sentence has already been
> invalidated.  But if the district court
> determines that the plaintiff's action, even
> if successful, will not demonstrate the
> invalidity of any outstanding criminal
> judgment against the plaintiff, the action
> should be allowed to proceed, in the absence
> of some other bar to the suit.

*Id*. at 486-87 (footnotes omitted).

In the case at bar, Plaintiff was convicted of rape, sexual assault, indecent assault, and corruption of minors in the Court of Common Pleas of Greene County, docket no. 215 Criminal 2003. Presumably, the evidence of semen in the bed clothes and the evidence of Plaintiff's blood were key evidence used to convict him.  If the searches for this evidence were declared invalid, the evidence would be required to be suppressed.   Thus, a judgment in favor of Plaintiff in this action wherein he is seeking to declare the seizures invalid would necessarily imply the invalidity of his conviction.  Consequently, he is precluded from challenging the lawfulness of the seizures under 42 U.S.C. § 1983 unless and until his conviction is overturned.  Accordingly, Defendant Schmelzlen's Motion to Dismiss should be granted.

III.  CONCLUSION

It is respectfully recommended that the Motions to Dismiss filed by Defendant Lemley (doc. no. 23) and Defendant Schmelzlen (doc. no. 27) both be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                         Respectfully submitted,


                         s/ Amy Reynolds Hay
                         AMY REYNOLDS HAY
                         United States Magistrate Judge


Dated: 28 July, 2005


cc:  The Honorable Arthur J. Schwab
     United States District Judge

     Timothy A. Hale
     FR-0255
     SCI Rockview
     Box A
     Bellefonte, PA 16823

     Craig E. Maravich
     Office of the Attorney General
     564 Forbes Avenue
     6th Floor, Manor Complex
     Pittsburgh, PA 15219

     Douglas R. Nolin, Esquire
     Frank G. Adams, Esquire
     Andrew S. Chumney, Esquire
     Peacock Keller & Ecker
     70 East Beau Street
     Washington, PA 15301